972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip W. BERRYMAN, Plaintiff-Appellant,
v.
John JABE, et al., Defendants-Appellees.
 No. 91-2164.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Philip W. Berryman, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Berryman sued the warden and six officers of the State Prison of Southern Michigan for allegedly violating his rights under the First, Fifth, and Fourteenth Amendments. He alleged that the defendant correctional officers shook down his cell on two occasions and improperly removed some of his property, including legal papers. He further alleged that these actions were taken in retaliation for previous grievances and lawsuits that Berryman had filed, and that defendants Grochocki and Jabe did not answer his complaints. The defendants responded that the shakedowns were not retaliatory and that the only items removed from Berryman's cell were an empty cardboard box, empty plastic containers, and legal papers belonging to a different prisoner.
 
 
 4
 A magistrate judge recommended that the defendants' motion for summary judgment be granted and that Berryman's motion to file a supplemental complaint be denied. The magistrate judge found that Berryman had failed to plead and prove the inadequacy of state remedies for the alleged taking of his property, that he had not shown actual injury in any court case which would demonstrate denial of his access to the courts, and that his allegations of retaliation were conclusory and without objective support. The district court overruled Berryman's general objections and granted the defendants' motion for summary judgment for the reasons stated by the magistrate judge.
 
 
 5
 On appeal, Berryman argues that he pleaded facts upon which relief could be granted, and that he was never afforded any state remedies for the taking of his legal materials, which were needed for a challenge to his state court conviction.
 
 
 6
 Upon review, we affirm the district court's judgment because Berryman did not file specific objections to the magistrate judge's report and recommendation, thus waiving his right to appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). In any event, his arguments on appeal are meritless. We conclude that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 Accordingly, the district court's judgment, entered October 2, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation